IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 10-cv-01110-LTB-BNB

CENTRAL MASONRY CORPORATION,

    Plaintiff,

v.

BECHTEL NATIONAL, INC.,

    Defendant.

___

ORDER
___

This case is before me on Defendant Bechtel National, Inc.'s ("Bechtel") Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc # 8]. After consideration of the motion, all related pleadings, and the case file, I grant the motion in part and deny it in part for the following reasons.

## I. Background

This action arises out of the parties' involvement with a United States Department of Defense project known as the Pueblo Chemical Agent-Destruction Pilot Plant Project (the "PCAPP Project"). Bechtel was the general contractor on the PCAPP Project and solicited bids for concrete masonry work on the Project. The Instructions to Bidders (the "Instructions") provide:

> Bechtel intends to award a Subcontract resulting from this solicitation to the responsible Bidder whose proposal, conforming to the Request for Proposal, will be the most advantageous to Bechtel, considering cost or price and other factors identified elsewhere in the Request for Proposal.

> Bechtel may (i) reject any or all proposals if such action is in the best interest of Bechtel or Government; (ii) accept other than the lowest priced Proposal; and (iii) waive informalities and other minor irregularities in Proposals received.
>
> Bechtel intends to evaluate proposals and award a subcontract without discussion with Bidders. Therefore, each initial proposal should contain the Bidder's best terms from a cost or price and technical standpoint. However, Bechtel reserves the right to conduct discussions if later determined by Bechtel's authorized representative to be necessary.
>
> Any modification of a proposal, except a modification resulting from Bechtel's request for "best and final" offer, is subject to the same conditions as the original proposal submitted. A modification resulting from Bechtel's request for "best and final" offer received after the date specified in the request will not be considered. Notwithstanding any other provisions of this Instruction, a late modification of an otherwise successful proposal that makes its terms more favorable will be considered at any time it is received and may be accepted.

Plaintiff Central Masonry Corporation ("Central") submitted a bid but the concrete masonry work for the PCAPP Project was awarded to Markley Construction ("Markley"). Central now asserts claims against Bechtel for (1) breach of the implied duty of good faith; (2) negligent misrepresentation; (3) fraudulent representation; (4) non-disclosure or concealment; and (5) civil conspiracy. In support of its claims, Central makes the following allegations which are accepted as true for purposes of Bechtel's motion to dismiss only.

As part of the bidding process, Bechtel asked all potential bidders to submit a "best and final" offer and told them that they would be granted an extension if they were unable to submit their offer by the designated time. Central requested an extension of time but this request was denied on the basis that it was 2 minutes late, and Central's "best and final" offer was rejected. Central was not made aware of changes to the scope of the concrete masonry work on the PCAPP Project but other bidders for this work were and revised their bids accordingly.

2

Markley was awarded the concrete masonry work on the PCAPP Project though it did not participate in the formal bidding process; was not an original bidder for the work; was not pre-qualified to submit a bid; and did not provide the requisite bonds. The scope of work awarded to Markley was different from that for which Central submitted a bid.

## II. Standard of Review

Under Rule 12(b)(6), "[d]ismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face." *United States ex rel. Conner v. Salina Regional Health Center,* 543 F.3d 1211, 1217 (10th Cir. 2008) (quotations and citations omitted). A claim is plausible on its face "when the plaintiff pleads factual content that enables the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Although plaintiffs need not provide "detailed factual allegations" to survive a motion to dismiss, they must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Ashcroft,* 129 S.Ct. at 1949 (a complaint will not suffice if it tenders "naked assertions devoid of further factual enhancement"). Furthermore, conclusory allegations are "not entitled to be assumed true." *Ashcroft*, 129 S.Ct. at 1950.

"[I]n general, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings." *Prager v.*

*LaFaver,* 180 F.3d 1185, 1188 (10th Cir. 1999). In ruling on a Rule 12(b)(6) motion to dismiss, however, a court may properly consider "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir. 2002).

### III. Analysis

As a preliminary matter, I must determine whether the Instructions may be considered in ruling on Bechtel's motion. Central argues that the Instructions may not be considered because they are not central to its claims. This argument is easily contradicted by review of Central's Complaint wherein Central alleges, among other things, that "[it] relied upon the provisions of the [Instructions] and the representations made by Bechtel that the contract would be awarded to the responsible bidder whose proposal conformed to the Request for Proposal, and would be advantageous to Bechtel, considering cost or price and other factors contained in the [Instructions]." In its Complaint, Central also asserts that the concrete masonry work for the PCAPP Project was improperly awarded to Markley in light of its alleged failure to satisfy requirements set forth in the Instructions. *See e.g.* ¶ 25 ("... [Markley] did not provide a bid bond for the PCAPP Project."). Because the Instructions are central to the claims asserted in this case, I will consider them, to the extent relevant, in deciding the issues raised by Bechtel's motion. Such consideration does not convert Bechtel's motion to one for summary judgment. *Jacobsen, supra.*

Turning to the merits of Bechtel's motion, Central does not oppose some of Bechtel's arguments. A few of Central's claims can therefore be disposed of in short order. First, Central's First Claim for Relief (Breach of Implied Duty of Good Faith) fails to state to state a

4

claim because there is no contract between Bechtel and Central. *See Amoco Oil Co. v. Ervin,* 908 P.2d 493, 498 (Colo. 1995) (In Colorado, every contract contains an implied duty of good faith and fair dealing); *O.C. Kinney, Inc. v. Paul Hardeman, Inc.,* 379 P.2d 628, 632 (Colo. 1963) (bid, not invitation to bid, constitutes operative offer, and no contract is formed unless and until party inviting bids accepts the offer). Central's Fifth Claim for Relief (Civil Conspiracy) also fails to state a claim because Central has not sufficiently alleged an unlawful overt act by Bechtel. *See Stauffer v. Stegemann,* 165 P.3d 713, 718 (Colo. App. 2006) (identifying "an unlawful overt act" as one of five elements of a claim for civil conspiracy). Instead, Central has merely alleged in conclusory fashion that "Bechtel and at least one other person or entity agreed, by words or conduct, to accomplish an unlawful goal or accomplish a goal through unlawful means" without supporting factual allegations. This is insufficient to survive a Rule 12(b)(6) motion to dismiss. *See Twombly*, 550 U.S. at 555 (plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action.").

Central's remaining claims against Bechtel lie in tort and are premised on an alleged duty to bidders on the PCAPP Project "to not change the scope of work, plans, specifications, and other requirements for individual bidders." *See* Response, p. 4. Bechtel argues that these claims fail because there is no such duty. Curiously though, neither party addresses the elements of the specific claims that Central has asserted against Bechtel though analysis of these elements is essential to the disposition of Bechtel's motion.

Central's Second Claim for Relief alleges negligent misrepresentation by Bechtel. Under Colorado law, a negligent misrepresentation claim is predicated on Section 552(1) of the *Restatement (Second) of Torts* (1965). *Fluid Tech., Inc. v. CVJ Axles, Inc.,* 964 P.2d 614, 616

5

(Colo. App. 1998). Section 552(1) provides:

> One who, in the course of his business profession, or employment, or in any other transaction in which he has a pecuniary interest supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Central alleges that Bechtel supplied it with false information regarding the scope of the concrete masonry work on the PCAPP Project and the requirements for bidding. None of the provisions in the Instructions set forth above conclusively demonstrate that Central's reliance on the purportedly false information supplied by Bechtel was not justifiable. Based on this conclusion, as well as Bechtel's failure to address the other elements of Central's negligent misrepresentation claim, I further conclude that it would improper to dismiss this claim at this time.

Central's Third Claim for Relief alleges fraudulent representation by Bechtel. Under Colorado law, the elements of a false representation claim are

> (1) a fraudulent misrepresentation of material fact was made by the defendant; (2) at the time the representation was made, the defendant knew the representation was false or was aware that he did not know whether the representation was true or false; (3) the plaintiff relied on the representation; (4) the plaintiff had the right to rely on, or was justified in relying on, the representation; and (5) the reliance resulted in damage.

*Barfield v. Hall Realty, Inc.,* 232 P.3d 286, 290 (Colo. App. 2010). As with Central's negligent misrepresentation claim, none of the provisions in the Instructions conclusively demonstrate that Central's reliance on Bechtel's alleged false representations regarding the scope of the concrete masonry work on the PCAPP Project and the requirements for bidding was not justified. This conclusion, along with Bechtel's failure to address the other elements of Central's fraudulent

representation claim, leads me to further conclude that it would be improper to dismiss this claim at this time.

Central's Fourth Claim for Relief alleges non-disclosure or concealment by Bechtel. Under Colorado law, the elements of a claim for fraudulent concealment are

> (1) the defendant concealed a past or present fact which he had a duty to disclose; (2) the fact was material; (3) the defendant concealed the fact with the intent of creating a false impression of the actual facts in the mind of the plaintiff; (4) the defendant concealed the fact with the intent that the plaintiff take a course of action he might not take if he knew the actual facts; (5) the plaintiff took such action or decided not to act relying on the assumption that the concealed fact did not exist or was different from what it actually was; (6) this reliance was justified; and (7) this reliance caused losses to the plaintiff.

*Bayview Loan Servicing, LLC v. Boland,* – F. Supp. 2d –, 2010 WL 2943507 *6 (D. Colo. July 21, 2010) (*citing* CJI-Civ. 4th 19:2 (1998)). "Generally, a person has a duty to disclose to another with whom he deals facts that in equity or good conscience should be disclosed." *Burman v. Richmond Homes Ltd.,* 821 P.2d 913, 918 (Colo. App. 1991). A party to a business transaction has a duty to disclose material facts if

> (1) he knows that the other is about to enter into it under mistake as to them and (2) the other party, because of the relationship between them, the customs of the trade, or other objective circumstances, would reasonably expect a disclosure of those facts.

*Id.*

Central alleges that Bechtel concealed information regarding the scope of the concrete masonry work on the PCAPP Project and the requirements for bidding. Central further alleges that this information was concealed so that the concrete masonry work could be awarded to Markley without competition from other bidders. The formality and detail of the Instructions provide some objective evidence of a reasonable expectation Central that it would be notified of

material changes in the bidding process. Based on these allegations, as well as Bechtel's failure to address the specific elements of Central's non-disclosure or concealment claim, I conclude that it would improper to dismiss this claim at this time.

### IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendant Bechtel National, Inc.'s Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc # 8] is GRANTED IN PART and DENIED IN PART;

2. Plaintiff Central Masonry Corporation's First Claim for Relief (Breach of Implied Duty of Good Faith) and Fifth Claim for Relief (Civil Conspiracy) are DISMISSED WITH PREJUDICE; and

3. Defendant's Motion is DENIED insofar as it seeks the dismissal of Plaintiff's Second, Third, and Fourth Claims for Relief.

Dated: September __17__, 2010 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE