IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01110-LTB-BNB

CENTRAL MASONRY CORPORATION,

Plaintiff,

vs.

BECHTEL NATIONAL, INC.

Defendant.

# PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records belonging to Defendant Bechtel National, Inc. ("Bechtel", or "Defendant"), IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all Documents produced by Bechtel in discovery pursuant to the discovery duties created by the Federal Rules of Civil Procedure.
2. As used in this Protective Order, "Document" and "Documents" shall mean all Documents and electronically stored information produced in discovery of this action. The term document includes all things within the scope of Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.
3. If Defendant's counsel has reviewed the information to be disclosed in discovery and believes, in good faith pursuant to the standards set forth in Fed. R. Civ. P. 27(c), that the information is confidential or otherwise is entitled to protection, it may be designated CONFIDENTIAL by marking the documents "CONFIDENTIAL - DEFENDANT" (collectively, "Confidential Information"). ~~Examples of Confidential Information shall include, but are not limited to, bid information, proprietary or sensitive information of~~

~~Bechtel, or provided to Bechtel by non-parties, and information subject to 48 C.F.R. §252.204-7000 ("Disclosure of Information").~~

4. Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case. Confidential Information may not be disclosed by Plaintiff to anyone other than those persons designated in paragraph 6 below, except by express written agreement of the Defendant or by order of the Court. The protections granted by this Protective Order shall not be waived.

5. Confidential Information may be reproduced electronically for litigation management purposes only. Electronically reproduced Confidential Information must retain the mark "CONFIDENTIAL - DEFENDANT."

6. Plaintiff shall not disclose Confidential Information to any person, except that such information may be disclosed to:

   (a) The Plaintiffs' officers, directors, legal counsel and staff members directly involved in this case and attorneys actively working on this case;

   (b) persons regularly employed or associated with the attorneys actively working on the case, whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   (c) expert witnesses and consultants retained in connection with this proceeding, and the administrative staff of such experts, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   (d) witnesses during deposition;

   (e) the Court, and necessary Court staff; and

(f) other persons by written agreement of the parties.

7. Prior to disclosing any Confidential Information to any person listed in Paragraphs 6(a), (b), (c), and (f), Plaintiff's counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by Defendant.

8. Notwithstanding the provisions of this Protective Order, nothing in this Protective Order shall:

(a) Limit Defendant's use or disclosure of its own Confidential Information;

(b) Prevent disclosure of Confidential Information with the written consent of counsel for Defendant;

(c) Apply to information in the public domain or obtained from sources other than discovery in this Litigation regardless of whether such information is also contained in Confidential Information.

9. ~~If additional disclosure is needed of Confidential Information, Plaintiff's counsel will contact Defendant's counsel to work out an appropriate procedure for such disclosure. If the parties cannot resolve the dispute within ten business days Plaintiff may file an appropriate motion with the Court. Said motion may request in camera review of the Confidential Information.~~

10. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as Confidential and shall be subject to the provisions of this Protective Order. Such designation may be made on the record during the deposition, but Defendant may also designate portions of depositions as

Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty days after notice by the court reporter of the completion of the transcript.

11. In the event that Plaintiff desires to use Confidential Information as an exhibit to a Court document, not including depositions, the Confidential Information shall be filed under seal in accordance with D.C.Colo.LCivR **7.2** ~~7.3~~ and District of Colorado Electronic Case Filing Procedure VI.A.2, and must retain the mark "CONFIDENTIAL - DEFENDANT."

12. **Plaintiff may object to the designation of particular Confidential Information by giving written notice to Defendant's counsel. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten business days after the time the notice is received, it shall be the obligation of the Defendant to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the court rules on the motion. If the Defendant fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the Defendant shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.**

~~Plaintiff may object to the designation of particular information as Confidential by giving written notice to Defendant's counsel. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten business days after the time the notice is received, Defendant will file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. In connection with a motion filed under this provision, Defendant shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential. The disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.~~

13. Within 45 days of the conclusion of this case, unless other arrangements are agreed in writing by the Parties, each Document, including all copies (electronic and physical) thereof which have been designated as Confidential shall be returned to Defendant or destroyed. This obligation to return or destroy Confidential Documents shall apply to all persons who receive Confidential Documents pursuant to paragraph 6, above. Within 60 days of the conclusion of the case , Plaintiff shall provide counsel for Defendant with an affidavit confirming the destruction.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated November 2, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4837663_1.DOC